BLANCHE, Judge.
The single issue before the Court is whether the insurance policy issued by ap-pellee, Switzerland General Insurance Company, Ltd., afforded coverage for the liability asserted against it by plaintiff-ap *686 pellant, Minor Ray, Jr. Appellee, Switzerland, is the liability insurer of one of the defendants, Cane-Air, Inc., which corporation was engaged in the business of crop dusting. Switzerland, after answer, filed a motion for summary judgment based on the deposition of one R. A. (Thommy) Tum-linson, who was the pilot of the airplane involved in the accident with plaintiff. The trial judge sustained the motion for summary judgment dismissing Switzerland from the suit and plaintiff has appealed. We affirm.
Plaintiff was employed as a flagman and was required to hold a large yellow flag attached to a pole for the purpose of serving as a marker for the pilot to guide on while spraying a sugar cane crop for plaintiff’s employer. He alleged in his petition that the pilot negligently flew the aircraft into the flag pole which he was holding, thereby causing him to receive severe personal injuries.
Item No. 7 in Endorsement No. 1 of the policy provided as a condition of coverage that the aircraft would be operated in flight by a pilot who had at least 500 crop dusting or crop spraying hours. The language of the endorsement is as follows:
“In consideration of the reduced premium at which this policy is issued, it is hereby understood and agreed that the following shall be inserted in the space provided in Item 7 of the Declarations:
‘Commercial licensed pilots over 21 years of age who have at least 1,500 logged flying hours as pilot in command of an aircraft, including at least 500 crop dusting or crop spraying hours, including at least 50 crop dusting or crop spraying hours in Piper Pawnee or Piper PA-18A model aircraft’” (Policy No. SGH-911227 of Switzerland General Insurance Company, Ltd., Record, p. 40-emphasis supplied)
The pilot’s deposition was taken and he estimated that his experience as a crop duster at the time of the accident was between 90 and 100 hours. Other testimony was elicited from the pilot to show that he had done other low level flying for the purpose of spraying mosquitoes and chasing blackbirds from rice crops but that his first crop dusting experience was with the defendant, Cane-Air, Inc.
There is no dispute concerning the fact that the pilot did not have the requisite number of hours of experience as a crop duster to come within the insuring provisions of the policy. The fact that he had other experience at low level flying does not satisfy the clear requirement of the above-quoted policy provision that he must have 500 crop dusting or crop spraying hours. The satisfaction of this requirement is material to the question of coverage. We believe that mover has established the material fact necessary for the Court to hold that, as a matter of law, mover is entitled to a summary judgment.
One purpose of summary judgment procedure is to avoid trial where a party does not have and is unable to obtain evidence to prove some indispensable element of his case. In this case the plaintiff has not been able to offer any opposition or other evidence to contravene the deposition in support of defendant’s motion for summary judgment. Under LSA-C.C.P. art. 967 plaintiff was obliged either to produce affidavits supporting the fact that the pilot had the requisite hourly experience as a crop duster to come under the coverage provisions of the policy or to explain why he could not produce such affidavits. The result of his failure to do so leads to the conclusion that there is no factual dispute on this issue.
There being no showing of a material fact issue, the judgment of the trial court sustaining the motion for summary judgment is affirmed, at the cost of plaintiff-appellant.
Affirmed.